**Gharib Mohamed Hassan MOHAMED, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–72882.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 4, 2008.

Jaime G. Monteclaro, Esq., Artesia, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland

R.App. P. 34(a)(2).

Security, San Francisco, CA, Michelle G. Latour Fax, Surell Brady, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Gharib Mohamed Hassan Mohamed, a native and citizen of Egypt, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") removal order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo due process claims, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001), and we deny the petition for review.

The BIA correctly concluded Mohamed's due process rights were not violated where the IJ was prepared to adjudicate Mohamed's asylum application on the day of his merits hearing, scheduled after numerous continuances, but Mohamed chose to withdraw his asylum application; the IJ properly continued the hearing to consider Mohamed's adjustment of status application because his I–130 visa petition had not been approved, *see* 8 U.S.C. § 1255(a); and the IJ properly declined to reinstate Mohamed's asylum application after he withdrew his adjustment application, *see INS v. Doherty*, 502 U.S. 314, 328, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992) (petitioner may waive claim for relief by withdrawing it in order to gain a tactical advantage).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Moreover, the BIA did not err in rejecting Mohamed's ineffective assistance of counsel claim because Mohamed did not comply with the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), and the facts underlying Mohamed's claim are not plain on the face of the record. *See Azanor v. Ashcroft*, 364 F.3d 1013, 1023 (9th Cir. 2004) (the court does not rigidly enforce *Lozada* but has never excused a petitioner's failure to provide an affidavit in such circumstances).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-